UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NEW HYDE PARK CAR CARE CENTER, INC.,

                        Plaintiff,                **MEMORANDUM & ORDER**

-against-                                    09 CV 1535 (DRH) (AKT)

CUMBERLAND FARMS, INC.,

                        Defendant.
------------------------------------------------------------X

**APPEARANCES:**

**LAW OFFICES OF KENNETH GELLER**
Attorneys for Plaintiff
372 Doughty Boulevard
Innwood, New York 11096
By:    Kenneth Geller, Esq.

**SHIPMAN & GOODWIN LLP**
Attorneys for Defendant
One Constitution Plaza
Hartford, Connecticut 06103
By:    Karen T. Staib, Esq.
         Laurie Ann Sullivan, Esq.

**HURLEY, Senior District Judge:**

Presently before the Court is a motion by defendant Cumberland Farms, Inc. ("Defendant") seeking dismissal of the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendant's motion is denied in part and the remainder of the motion is deemed moot.

## *BACKGROUND*

This action was removed from New York State Supreme Court, Nassau County on April 14, 2009. Defendant's subsequent request for permission to make a dispositive motion was referred to Magistrate Judge Michael L. Orenstein. After holding a status conference on June 28,

2010, Judge Orenstein denied Defendant's request based upon the parties' stipulation made on the record before him. (*See* June 28, 2010 Minute Entry, Docket No. 12.) With Judge Orenstein's permission, Plaintiff filed an Amended Complaint on July 14, 2010. Defendant requested permission to move to dismiss the Amended Complaint pursuant to Rule 12(b)(6). The Court denied this request and granted Plaintiff leave to file a Second Amended Complaint. (Elec. Order, dated October 1, 2010.) The Court denied Defendant's subsequent motion for reconsideration, stating, in relevant part:

> The clear import of the stipulation placed on the record before Magistrate Judge Orenstein was that Plaintiff could amend its Complaint to clarify its breach of contract cause of action but could not assert any additional claims, such as anti-trust claims. Here, Plaintiff seeks solely to clarify its breach of contract claim to assert that defendant's refusal to afford Plaintiff the same rent concessions it was giving to another dealer breached the implied covenant of good faith found in every contract.

(Elec. Order, dated Nov. 5, 2010.)

Plaintiff filed the Second Amended Complaint on November 15, 2010. By letter dated December 6, 2010, Defendant requested permission to move to dismiss the Second Amended Complaint on the grounds that "it is unclear whether plaintiff has dropped its original contract claim and replaced it with a claim for breach of implied covenant of good faith and fair dealing." (Dec. 6, 2010 Letter at 2.) Defendant argued that claims for express breach of contract and breach of the implied covenant of good faith and fair dealing could not be asserted simultaneously under New York law and, thus, dismissal of one type of claim was required. (*Id.* at 2-3.) In response, Plaintiff agreed and requested permission to further amend its pleading. (Dec. 22, 2010 Letter at 1.) The Court granted Plaintiff leave to file a Third Amended Complaint

with the following proviso: "Plaintiff may not add any new claims or parties. Plaintiff may only clarify whether it is asserting an express breach of contract claim or a claim for breach of the implied covenant of good faith and fair dealing." (Elec. Order, dated Jan. 5, 2011.)

Plaintiff filed the Third Amended Complaint, and Defendant requested permission to move to dismiss on the grounds that: (1) Plaintiff "expanded its Third Amended Complaint from one to six counts," and (2) "each count of the Third Amended Complaint includes language suggesting that it is simultaneously intended to be for breach of contract and for breach of the covenant of good faith and fair dealing." (Feb. 18, 2011 Letter at 2.) Plaintiff did not respond to Defendant's request and, with the Court's permission, the present motion followed.

### *THE PARTIES' CONTENTIONS*

Defendant moves to dismiss "[a]ll of the good faith and fair dealing claims . . because they are duplicative of plaintiff's [express] breach of contract claims as a matter of New York law." (Def.'s Mem. at 1.) Defendant also asserts that "[t]he good faith and fair dealing allegations should [ ] be stricken from the complaint under Rule 12(f) as impertinent and immaterial." (*Id.*) Finally, Defendant contends that the Third Amended Complaint should be dismissed "in its entirety on the independent grounds that plaintiff's amendments far exceeded the scope of amendment authorized by the Court." (*Id.* at 1-2.)

In opposition, Plaintiff asserts that there are no duplicative claims in the Third Amended Complaint: "The 6 causes of action allege breaches of contract[ ] (specific [ ] supply agreements and leases). There is no allegation in the 6 causes of action that . . . the Defendant's behavior breached the Implied Covenant." (Pl.'s Opp'n at 3; *see also id.* at 4 ("[T]here is no cause of action for breach of the Implied Covenant . . . .").) Plaintiff also opposes Defendant's request to

3

strike portions of the pleading pursuant to Rule 12(f) and further argues that the Third Amended Complaint does not violate any of the Court's Orders permitting amendment. (*See id.* at 4–7.)

## DISCUSSION

In its reply papers, Defendant informs the Court that "[d]ismissal is no longer required because plaintiff has stated unequivocally in its Opposition that the Third Amended Complaint contains only express breach of contract causes of action." (Reply Mem. at 1 (emphasis in the original).) The Court agrees. The first portion of Defendant's motion sought partial dismissal of the Third Amended Complaint due to the duplicative nature of Plaintiff's claims for express breach of contract and for breach of the implied covenant of good faith and fair dealing.[1] Given Plaintiff's clear indication that the Third Amended Complaint does not assert causes of action based upon any alleged breach of the implied covenant of good faith and fair dealing, that portion of Defendant's motion is deemed moot.

With respect to Defendant's request that the Court strike certain portions of the Third Amended Complaint pursuant to Rule 12(f), Defendant's current position is that "because of plaintiff's unequivocal statement that it is not asserting an implied covenant cause of action, [Defendant] will not press this point with respect to the pleadings." (Reply Mem. at 3 (emphasis in the original).) Accordingly, that portion of Defendant's motion is deemed moot.

Finally, Defendant does not specify whether it maintains that the Third Amended Complaint should be dismissed in its entirety because Plaintiff improperly expanded the scope of its pleading beyond what was permitted by the Court. In any event, the Court declines to dismiss

---

[1] Defendant made clear in its moving papers that, while it did not concede that any of Plaintiff's claims were adequately stated, "the overall adequacy of each claim is not an issue before the Court at this time." (Def.'s Mem. at 3 n.2.)

4

any portion of the Third Amended Complaint on that basis. The Court's January 5, 2011 Electronic Order granted Plaintiff leave to file a Third Amended Complaint provided that it: (1) did not add any new claims or parties, and (2) clarified whether it was asserting an express breach of contract claim or a claim for breach of the implied covenant of good faith and fair dealing. Plaintiff did not violate the first section of the Court's January 5, 2011 Order by filing the Third Amended Complaint – no new claims or parties were added. Moreover, after reviewing Plaintiff's opposition papers, the Court is convinced that Plaintiff, upon recognizing that there was not a good faith basis under New York law to assert both types of breach of contract claims, made a genuine effort to clarify its intent to assert only express breach of contract claims. Accordingly, that portion of Defendant's motion to dismiss is denied.

## *CONCLUSION*

For the reasons discussed above, the portion of Defendant's motion seeking dismissal of the Third Amended Complaint on the grounds that Plaintiff's amendment exceeded the scope of the Court's authorization is DENIED. The remainder of Defendant's motion is deemed moot.

**SO ORDERED.**

Dated: Central Islip, New York
        June 17, 2011

                                        /s/
                                      Denis R. Hurley
                                      United States District Judge